Per Curiam.

Petitioner contends that his detention is illegal because it is based on a conviction arising out of a void indictment. He urges that the indictment was void on the ground that it charged two separate offenses, burglary and larceny, in a single count. It is proper to unite in one count a *36 charge of burglary and larceny arising out of a single transaction. Breese v. State, 12 Ohio St., 146, 151.
Next, petitioner urges that his sentence was void because it was vague and not clear as to the amount of time, and that no maximum or minimum or any recitation of the statute under which he was sentenced was set forth. The entry of sentence reads in part as follows:
“This day appeared the prosecuting attorney on behalf of the state of Ohio and the defendant, Charles Carter, being present in his own proper person and by counsel; thereupon leave of the court was given the said defendant to withdraw his former plea of not guilty herein and for plea the said defendant says that he is guilty of burglary and larceny as he stands charged in the indictment herein. iff tt
“ * * * it is therefore considered, adjudged and decreed by the court that the said defendant Charles Carter be and he hereby is sentenced to be imprisoned in the Ohio State Reformatory at Mansfield, Ohio, for an indeterminate period and that he pay the costs of prosecution herein.”
The statutes of Ohio require that sentences shall be general and not fixed as to their duration. Section 5145.01, Revised Code (Section 2166, General Code), and Section 5143.05, Revised Code (Section 2132, General Code).
The failure to set forth the maximum and minimum sentence does not void the sentence. Carmello v. Maxwell, Warden, 173 Ohio St., 569.
The entry of sentence clearly shows the crime for which petitioner was convicted. The statute which defines the crime sets forth the penalty therefor. The failure of the entry to set forth the statute or the term of imprisonment does not affect the validity of the sentence.
Petitioner questions the competency of his counsel. Any question as to competency of counsel must be raised by appeal and is not cognizable in habeas corpus. Jackson v. Maxwell, Warden, 174 Ohio St., 32; and Vaughn v. Maxwell, Warden, 176 Ohio St., 289.
Finally, petitioner claims that the term of his sentence has expired. He contends that the state had a duty to return him *37 when he was available for return, and that by its failure to do so it waived its rights over him. Petitioner was declared a parole violator during most of the time between 1942 and 1959. Prom time to time during this period he was restored to parole, but such restoration existed only for a short period until he was again declared a parole violator.
The same issue was raised in the case of Cline v. Haskins, Supt., 175 Ohio St., 480. In that case it is stated:
“* * * where a paroled convict violates his parole, there is no affirmative duty upon the state to place detainers on him or pursue him so as to return him to custody, and the state by its inaction creates neither an estoppel nor a waiver of its right to exact the penalty imposed under the conviction when it once again takes him into custody. ’ ’

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.